UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN CLARK,<br><br>Plaintiff,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, a National Association as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2004-13; BANK OF AMERICA, NA, a National Association; ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE THERETO; and DOES 1-10, inclusive,<br><br>Defendants. | No. 2:12-cv-02349-GEB-KJN<br><br>**ORDER RE: SETTLEMENT AND DISPOSITION** |

Plaintiff filed a "Notice of Settlement" on September 16, 2013, in which he states:

> [the parties] have reached a settlement in the above-reference case. A formal settlement agreement will be circulated between the parties for review and approval. Once all of the appropriate signatures have been obtained, an executed Stipulation of Dismissal of the entire action will be filed.

> In accordance with Local Rule 16-15.7 [sic], Plaintiff hereby summits this Notice of Settlement to notify the Court that the lawsuit has been settled, and to request 45 days in which to file the dismissal.

(Notice of Settlement, ECF No. 28.)

Therefore, a dispositional document shall be filed no later than October 31, 2013. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

Further, the Status Conference scheduled for hearing on September 30, 2013, is continued to commence at 9:00 a.m. on November 25, 2013, in the event no dispositional document is filed, or if this action is not otherwise dismissed.[1] A joint status report shall be filed fourteen (14) days prior to the status conference.

Also, in light of the referenced settlement, the pending dismissal motion (ECF No. 9) is deemed withdrawn.

IT IS SO ORDERED.

Dated: September 17, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge

[1] The status conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).